## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CR195 |
| vs. ) | |
| ) | ORDER |
| JAMES C. ASMUS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's Motion to Compel Discovery (Doc. 38) pursuant to Fed. R. Civ. P. 16, and Motion for Depositions (Doc. 40), in which he seeks permission to depose 12 of the government's prospective witnesses pursuant to Fed. R. Crim. P. 15(a).

Having considered the government's responses (Docs. 43, 44 & 45), I find that the motions should be denied.

### BACKGROUND

On May 22, 2008, the defendant was indicted by the Grand Jury on charges of possession of a firearm by a drug user. A superseding indictment (Doc. 24) was returned on June 18, 2008, *see* 18 U.S.C. §§ 18:922(g)(3) and 924(a)(2).

On July 3, 2008, defendant was charged in state court with an offense arising from the same factual circumstances as the pending federal charges. At the time of the preliminary hearing, the Deputy Douglas County Attorney indicated to defense counsel that the State had approximately 380 pages of discoverable documents; however, the State did not produce the documents prior to its dismissal of the state criminal charges.

Defendant states that he has received fewer than 40 pages of documents and now seeks the production of the remaining 340 documents pursuant to Fed. R. Crim. P. 16(a). Defendant also asks the court to compel the production of the audio portion of a DVD entitled "Search Warrant Video" that depicts the search of his residence on May 12, 2008; documents generated by the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding the search and/or arrest of the defendant on May 12, 2008; defendant's statements made during and after the execution of the search warrant; a photographic lineup; and correspondence, documents, and photographs exchanged among the investigating officers. According to the defendant, the Douglas County District Court had entered an order permitting the defendant to take the depositions now requested, *see* Neb. Rev. Stat. § 29-1917. The state charges, however, were dismissed the day before the depositions were scheduled to commence.

In response (Docs. 43 & 44), counsel for the United States advises that all relevant reports have been disclosed to the defendant. The 380 documents referenced by the Deputy Douglas County Attorney were generated in conjunction with an investigation concerning an assault on an officer. The charges filed against the defendant were the result of a "spinoff" investigation conducted after one Eldred Dightman gave a statement including information about the defendant. The documents pertaining to the spinoff investigation were filed under the same reference number assigned to the larger initial investigation, and not all of the documents in the file pertain to the defendant. The Deputy Douglas County Attorney has verified that there were no lab reports, and all of the relevant records relating to the defendant have been provided to him. Counsel for the government provided

19 more pages of reports on July 28, 2008 and September 26, 2008, after verbal and written communications between counsel.

Counsel for the United States also confirmed, and advised defense counsel prior to the filing of these motions, that only one ATF agent was involved in the search. A second agent was involved after the fact only to do an interstate nexus check. A third agent's name appeared in the reports because he was the resident agent in charge. Counsel also verbally confirmed that two law enforcement officers did interview the defendant in a vehicle at the time of the search, but only one was an ATF agent and the other was a deputy Sheriff. After discussions with defense counsel, government counsel searched for reports from the ATF agent concerning this interview and learned ATF Report #1 had been omitted from the first batch of discovery even though Report #2 was provided. Consequently, Report #1 was included in the letter of September 26, 2008. The sheriff's report had been provided previously.

The government further advises the court that there is no audio on the DVD entitled "Search Warrant Video." The results of any "ballistics" tests were discussed in ATF Report #2, which has been provided to the defense.

The government declined to produce emails between ATF and the Douglas County Sheriff, because any such communications, if any, were likely to be privileged and not subject to Rule 16, as they would not be offered in evidence in the government's case in chief. Emails dated June 4 and June 12, 2008 between the Douglas County Sheriff's Office and ATF are not in counsel's possession and will not be offered in evidence during the government's case in chief. The government did not have any other responsive emails or communications in its possession.

The government has provided defense counsel with copies of all written reports relating to statements made by the defendant and will provide a copy of the photographic lineup shown to an informant, after the document is obtained from the Sheriff's department.

## LEGAL ANALYSIS

Based on government counsel's professional representations, together with the defendant's acknowledgment that government counsel has "complied with the Rule 16 discovery requests to the extent of documents in the Government's possession," the court finds that the defendant has received all the discovery to which he is entitled under Fed. R. Crim. P. 16.

Turning to the defendant's request for permission to depose the government's witnesses, Fed. R. Crim. P. 15(a) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The witnesses in question are nine members of the Douglas County Sheriff's Office, two ATF Special Agents, and the ATF Resident Agent in Charge.

"To establish exceptional circumstances under Rule 15(a), 'the moving party must show the witness's unavailability and the materiality of the witness's testimony.' *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006)." *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir.), *cert. denied*, 128 S. Ct. 365 (2007). Nor was Rule 15 "intended as a mechanism for general discovery." *United States v. Preciado*, 336 F.3d 739, 744 (8th Cir. 2003), *cert. denied*, 540 U.S. 1134 (2004) (citing *United States v. Hutchings*, 751 F.2d 230, 236 (8th Cir. 1984). "'It is hornbook law that the

mere need for discovery is not an exceptional circumstance.'" *United States v. McGhee*, 495 F. Supp. 2d 1024 (D.S.D. 2007) (quoting *United States v. Luv N' Care Intern., Inc.*, 897 F. Supp. 941, 946 (W.D. La. 1995)).

Here, the defendant merely wishes to conduct general discovery as in a civil case, and none of the requirements of Fed. R. Crim. P. 15(a) have been met.

## ORDER

For the reasons discussed above,

**IT IS ORDERED** that defendant's Motion to Compel Discovery (Doc. 38) and Motion for Depositions (Doc. 40) are denied.

Pursuant to NECrimR 57.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

**DATED October 16, 2008.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**